Filed 3/27/26  P. v. Harris CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ZYNNI ARION HARRIS,<br><br>    Defendant and Appellant. | H053521<br>(Monterey County<br>Super. Ct. No. 24CR007774) |

Defendant Zynni Arion Harris appeals from his conviction following a judgment entered after pleading no contest to charges of assault with a semi-automatic firearm and possession of a firearm by a felon.  Appointed counsel for Harris filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Harris was advised of the right to file written arguments on his own behalf but has not responded.  Finding no arguable error that would result in a disposition more favorable to Harris, we affirm the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Procedural Background*

On June 25, 2025, the Monterey County District Attorney's Office filed a first amended information charging Harris and a co-defendant, Kamron Brooks, with two

counts of premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 189, and 664[1]; counts 1 and 2); two counts of assault with a semi-automatic firearm (§ 245, subd. (b); counts 3 and 4); one count of shooting at an inhabited dwelling (§ 246; count 5); and one count of street terrorism (§ 186.22, subd. (a); count 6). The information further alleged that counts 1 through 5 were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). Counts 1 and 2 also included a firearm enhancement for Harris pursuant to section 12022.53, subdivision (e)(1), based on his participation in a criminal street gang and Brooks' personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subdivision (d)). Finally, the information alleged several aggravating factors under California Rules of Court, rule 4.421, as follows: (1) the offenses in counts 1 through 6 involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)); (2) the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)); (3) Harris was armed or used a weapon at the time of the commission of the crimes (Cal. Rules of Court, rule 4.421(a)(2)); (4) Harris induced others to participate in the commission of the crimes and occupied a position of leadership and dominance of other participants in the commission (Cal. Rules of Court, rule 4.421(a)(4)); (5) the manner in which Harris carried out the crimes alleged indicated planning, sophistication, and professionalism (Cal. Rules of Court, rule 4.421(a)(8)); and (6) Harris engaged in violent conduct indicating a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)).

On June 25, 2025, after filing the amended information, the People also orally amended the information in court to add count 7, possession of a firearm by a felon (§ 29800, subd. (a)(1)), and an enhancement to count 3 for furnishing a firearm to another (§ 12022.4). Harris subsequently entered a plea of no contest to one count of assault with

---

[1] Undesignated statutory references are to the Penal Code.

a semi-automatic firearm (§ 245, subd. (b); count 3), and admitted the associated firearm enhancement, and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 7). In exchange for his plea, Harris agreed to serve a stipulated term of 12 years and eight months in prison. The parties also agreed that the remaining counts would be dismissed in the interest of justice at the time of sentencing.

On July 23, 2025, pursuant to the plea agreement, the court sentenced Harris to a total term of 12 years and eight months in prison, consisting of the following: (1) the upper term of nine years in prison for assault with a semi-automatic firearm (count 3), plus a consecutive sentence of three years in prison for the firearm enhancement (§ 12022.4); and (2) a consecutive term of eight months (one third the midterm) for possession of a firearm by a felon (count 7). The remaining counts and enhancements were dismissed in the interest of justice. Harris's counsel subsequently requested that the court impose a minimum restitution fine of $300, based on Harris's limited ability to earn an income while incarcerated. However, based on the serious nature of the crimes, the court imposed a $7,200 restitution fine (§ 1202.4, subd. (b)(2)) as recommended by probation, an $80 court operations assessment (§ 1465.8, subd. (a)(1)), and a $60 court facilities assessment (Gov. Code, § 70373).

On July 30, 2025, Harris filed a notice of appeal but did not request a certificate of probable cause. After this court received Harris's *Wende* brief and independently reviewed the record, we requested supplemental briefing on whether we should remand this matter to the trial court to address the fines and fees imposed at Harris's sentencing hearing in light of *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*), and the relevance, if any, of section 1237.2[2] to this issue.

---

[2] This section provides as follows: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until

### B.     *Factual Background*[3]

On May 6, 2023, officers from the Seaside Police Department were dispatched to Sonoma Avenue to investigate a report of a drive-by shooting with possible victims. Upon their arrival, the officers located two male victims, who both indicated they had been shot in their legs. The officers recognized one of the victims as a known Seaside Norteño Gang member and observed that both victims were wearing red articles of clothing. Surveillance video footage from the surrounding neighbors depicted a black male adult wearing a grey sweater and jeans and entering the driver's side of a black Cadillac SUV parked on Sonoma Avenue. The SUV initially drove past the victims, who had been walking east on Sonoma Avenue and eventually turned around. The SUV then reversed and backed up towards the victims, at which point a passenger from the vehicle pointed a firearm at the victims and shot between six to eight rounds. The SUV then drove away from the area. The officers located six 9 mm casings at the scene.

Approximately one hour later, officers from the Salinas Police Department received a report of a black male cleaning out a Cadillac with a mask and gloves on. Upon arrival at the scene, the officers discovered that the vehicle was the same Cadillac SUV involved in the Seaside drive-by shooting. The officers then located Harris in a nearby Chevy Tahoe and learned that he was the registered owner of the Cadillac SUV. Upon searching the Cadillac, the officers located a 9 mm firearm, which matched the caliber of the casings located at the Seaside crime scene; the bullets inside the firearm also were made by the same manufacturer as the casings found at the scene. The officers also observed a strong odor of Clorox coming from Harris, the rear of the Chevy Tahoe, and the Cadillac. They also located cleaning supplies in the Cadillac, thus suggesting that

---

after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

[3] The following facts are drawn from the probation report, which is quoted in Harris's opening brief.

Harris may have been attempting to clean gunshot residue or DNA from the vehicle before it was located. The officers later identified the passenger who shot the firearm as Brooks.

## II. DISCUSSION

In their supplemental briefing letters, the parties agree that, pursuant to *Kopp*, where a trial court imposes fines exceeding the statutory minimum of $300 under section 1202.4, subdivision (b), and section 1202.45, it must consider the defendant's ability to pay. (*Kopp*, *supra*, 19 Cal.5th at p. 30.) The parties also agree that, before imposing ancillary costs pursuant to section 1465.8, subdivision (a)(1) and Government Code section 70373, *Kopp* instructs that equal protection principles require the trial court to, on defendant's request, consider a defendant's inability to pay such costs. (*Kopp*, *supra*, at p. 30.) As the trial court here imposed a restitution fine of $7,200, which exceeded the statutory minimum, and imposed ancillary costs pursuant to section 1465.8, subdivision (a)(1) and Government Code section 70373, it would then ordinarily follow, under *Kopp,* that the trial court should have first considered Harris's ability to pay such costs. However, both parties agree that because no other cognizable issues have been raised on appeal, section 1237.2 would require the dismissal of the appeal, as this court would have no subject matter jurisdiction over any potentially cognizable claim under *Kopp*.

We agree with the parties that any possible claims regarding the fines and ancillary fees imposed are not before us pursuant to section 1237.2, and there is no basis asserted by appellant for remanding the matter to address fines and fees. Further, from our independent review of the record pursuant to *Wende, supra*, 25 Cal.3d at p. 436, we find no arguable error that would result in a disposition more favorable to Harris.

## III. DISPOSITION

The judgment is affirmed.

_____
                                    Wilson, J.


WE CONCUR:



_____
      Grover, Acting P. J.





_____
      Lie, J.




*People v. Harris*
H053521